UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

JASON WALL,

    Plaintiff,

v.

ATLANTIC BLUE
CONSTRUCTION LLC,
a Florida Limited Liability
Company,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**DECLARATORY RELIEF REQUESTED**
**INJUNCTIVE RELIEF REQUESTED**

Plaintiff, JASON WALL ("Mr. Wall" or "Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendant, ATLANTIC BLUE CONSTRUCTION LLC ("ABC" or "Defendant"), a Florida limited liability company, and in connection therewith states as follows:

**JURISDICTION AND VENUE**

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter called the "FLSA") to recover from Defendant overtime compensation, an

additional equal amount as liquidated damages, actual and compensatory damages, including front pay and back pay and emotional distress damages, declaratory and injunctive relief, and reasonable attorneys' fees and costs.

2. Venue is proper in this Court, as the illegal conduct complained of and the resultant injury occurred in Brevard County, Florida.

### PARTIES AND FLSA COVERAGE

3. At all times material hereto, Plaintiff was a resident of Brevard County, Florida.

4. At all times material hereto, Defendant was, and continues to be, a Florida limited liability company which maintains a location and conducts business in Brevard County, Florida, and continues to be engaged in business in Brevard County, Florida.

5. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, but not for purposes of the Motor Carrier Act.

6. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

7. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

8. At all times material hereto, Defendant was the "employer" within the meaning of the FLSA.

9. At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce," within the meaning of the FLSA.

10. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant, during all times relevant, was in excess of $500,000.00 *per annum* during the relevant time periods.

12. At all times relevant hereto, Defendant was primarily engaged in providing a variety of contracting and construction services and support in, among other places, Brevard County, Florida.

13. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

14. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant, in that Defendant could not operate its business without Lead Carpenters such as Plaintiff.

## STATEMENT OF FACTS

15. Plaintiff worked as an hourly-paid, non-exempt Lead Carpenter for Defendant from August 12, 2021, until his separation from Defendant on January 16, 2023.

16. Mr. Wall's most recent hourly rate of pay with ABC was $25.00 per hour.

17. ABC failed to consistently pay Mr. Wall an overtime premium in weeks in which Mr. Wall worked in excess of forty (40).

18. Mr. Wall sometimes worked hours for ABC without being compensated for the work at all, even in weeks in which Mr. Wall worked in excess of forty (40) hours.

19. ABC failed to pay Mr. Wall all of his earned, unpaid hourly wages and all of his earned, unpaid overtime.

20. Throughout Plaintiff's employment, ABC regularly required Plaintiff to work in excess of forty (40) hours per week.

21. Plaintiff regularly worked an average of forty-five (45) hours per week or more for Defendant during his employment with Defendant.

22. When Plaintiff worked more than forty (40) hours in a given work week, Defendant failed to properly pay him for all overtime hours worked.

23. Defendant routinely paid Plaintiff nothing at all for overtime hours that

he worked during his employment.

24. Plaintiff should have been compensated at the rate of one-and-one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

25. Plaintiff performed non-exempt duties for Defendant and was therefore entitled to be compensated for overtime work.

26. Mr. Wall was not exempt from entitlement to overtime wages under the FLSA and should have been paid his full and proper overtime compensation.

27. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

28. Defendant violated Title 29 U.S.C. §207 in that:

(a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

(b) No payments or provisions for payment, or insufficient payments or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

  (c) Defendant failed to maintain proper time records as mandated by the FLSA.

29. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

30. Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

31. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

32. Based on the allegations in Paragraphs 29 through 31, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

33. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION

34. Plaintiff reincorporates and re-alleges paragraphs 1 through 33 of the

Complaint as though fully set forth herein, and further alleges as follows:

35. Plaintiff is entitled to be paid time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

36. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

37. Plaintiff was not an exempt employee as defined by the FLSA.

38. Plaintiff was not an independent contractor and was instead an employee of Defendant.

39. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

40. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

    a. Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b.    Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

    c.    Award Plaintiff liquidated damages in an amount equal to the overtime award;

    d.    Award Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e.    Award Plaintiff pre-judgment interest; and

    f.    Award Plaintiff any other and further relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 5th day of January, 2024.

    Respectfully submitted,

    ***/s/ Noah E. Storch***
    Noah E. Storch, Esq.
    Florida Bar No. 0085476
    RICHARD CELLER LEGAL, P.A.
    10368 West State Road 84, Suite 103
    Davie, Florida 33324
    Telephone: (866) 344-9243
    Facsimile: (954) 337-2771
    E-mail: noah@floridaovertimelawyer.com

    *Trial Counsel for Plaintiff*