UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:24-CV-00031-GAP-EJK

JASON WALL,

    Plaintiff,

v.

ATLANTIC BLUE CONSTRUCTION, LLC,
a Florida Limited Liability Company,

    Defendant

_____/

**<u>JOINT MOTION FOR APPROVAL OF SETTLEMENT</u>**

Plaintiff, JASON WALL ("Plaintiff"), and Defendant, ATLANTIC BLUE CONSTRUCTION, LLC ("Defendant") (Plaintiff and Defendant collectively referred to as "The Parties"), by and through their undersigned counsel, hereby file this Joint Motion for Approval of Settlement, and, in support thereof, state as follows:

1. Plaintiff filed the instant case alleging Defendant violated the Fair Labor Standards Act ("FLSA"), seeking unpaid overtime wages, as well as attorneys' fees and costs. *See* ECF No. 1.

2. Defendant filed its Motion to Dismiss the Complaint on February 26, 2024. *See* ECF No. 10.

3. Plaintiff, thereafter, filed an Amended Complaint on March 14, 2024, and Defendant Answered on March 26, 2024, denying the allegations contained therein. *See* ECF No. 14, 16.

4. Given the inherent risks and uncertainties of continued litigation, including the defense raised by the Defendant that Plaintiff was properly paid for all hours worked, the Parties have negotiated a reasonable, fair, and complete compromise of Plaintiff's claims. The Parties have determined that a resolution in this case at this juncture outweighs the risks and costs for both Parties in going forward with litigation.

5. The settlement negotiations were protracted, and a settlement was reached only after the Parties investigated the matter, had in-depth conversations about the facts and law, and Plaintiff's alleged damages.

6. Additionally, the Parties engaged in written discovery and document production. The case involves disputed issues of liability and damages. Accordingly, Plaintiff understands that the monetary consideration being paid in this action may be more than he might recover should the action proceed to trial and he prevail.

7. The Court should approve the Parties' agreed-upon resolution because it was achieved in an adversarial context, experienced counsel represents both Parties, and the terms of the Parties' resolution reflects a fair and reasonable compromise over disputed issues. Moreover, all attorneys' fees and costs were

negotiated separate and apart from, and without regard to, the money being paid to Plaintiff as set forth in the Parties' Settlement Agreement. A copy of the Parties' Settlement Agreement is attached hereto as Exhibit "A."

## MEMORANDUM OF LAW

When an FLSA settlement involves a compromise, the settlement is submitted for judicial review and approval. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). As would a District Court, the Court is to review the attached Agreement to determine if the settlement is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court should approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of proceedings and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits;
(5) the range of possible recovery; and
(6) the opinions of counsel.

*See e.g., Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist, LEXIS 10287 at *2-3 (M.D. Fla. Jan 8, 2007). The Court should be

mindful of the strong presumption in favor of finding a settlement fair and reasonable. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3.

Here, the resolution reached by the Parties was negotiated at arm's length by experienced counsel who protected the rights of all Parties, and did not involve coercion, collusion, or any undue influence, but was instead agreed upon voluntarily and after due consideration by all Parties after extensive investigation and litigation, including written discovery. The Parties submit to the Court that the terms of resolution reflect a fair and reasonable compromise regarding *bona fide* disputes between the Parties with respect to how many hours Plaintiff worked per workweek. To this end, the Parties have, at all times, been represented by competent counsel experienced in the litigation of the instant claims. The amount agreed to by the Parties, which Plaintiff acknowledges may be more than what he might recover if he were to prevail at trial, is a fair and reasonable compromise of his claims, including consideration of the range of potential possible recovery.

With the Court's approval, the Parties will be resolving all claims and disputes between that arise under/could have arisen under the FLSA stemming from Plaintiff's employment. The Settlement Agreement will result in a full and final settlement as stated in the Settlement Agreement. *See* Ex. A.

Both Parties agree that the attorneys' fees and costs payment was negotiated separate and apart from, and without regard to, the amount being paid to Plaintiff,

–4–

and further, that same represents a fair and reasonable amount to be paid to Plaintiffs' attorneys.

The Parties submit to this Court that the attached Settlement Agreement is the only agreement governing the settlement.

## CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court find the agreed-upon resolution is fair and reasonable, and therefore, dismiss this action with prejudice.

Respectfully submitted this 29th day of August, 2024.

| /s/ *Andres Kroboth* | /s/ *Robert E. Blanchfield* |
|---|---|
| Noah E. Storch, Esq. | Robert E. Blanchfield, Esq. |
| Florida Bar No.: 0085476 | Florida Bar No.: 0361800 |
| Andres Kroboth, Esq. | David Volk, Esq. |
| Florida Bar No.: 1016483 | Florida Bar No.: #0712949 |
| RICHARD CELLER LEGAL, P.A. | One Harbor Place |
| 10368 W. SR 84, Suite 103 | 1901 S. Harbor City Blvd., Suite 700 |
| Davie, Florida 33324 | Melbourne, Florida 32901 |
| Telephone: (866) 344-9243 | Telephone (321) 726-8338 |
| Facsimile: (954) 337-2771 | Facsimile (321) 726-8377 |
| E-mail: | Email: |
| Andres@floridaovertimelawyer.com | pleadingsvolk@volklawoffices.com |
| Noah@floridaovertimelawyer.com | |
| | *Counsel for Defendant* |
| *Counsel for Plaintiff* | |